**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 06-4046**

—————————

UNITED STATES OF AMERICA,

                                 Plaintiff - Appellee,

        versus

TARIK KAWENDO WASHINGTON,

                                 Defendant - Appellant.

—————————

Appeal from the United States District Court for the District of
South Carolina, at Anderson.   Henry M. Herlong, Jr., District
Judge.   (8:05-cr-00399-HMH)

—————————

Submitted: June 22, 2006            Decided: June 28, 2006

—————————

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

James Barlow Loggins, Assistant Federal Public Defender,
Greenville, South Carolina, for Appellant.  Alan Lance Crick,
Assistant United States Attorney, Greenville, South Carolina, for
Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Tarik Kawendo Washington pled guilty to felon in possession of a firearm (count 1), felon in possession of a firearm with an obliterated serial number (count 2), and possession with intent to distribute cocaine base (count 3), in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e); 922(k), 924(a)(1)(B) (2000); and 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (2000), respectively. The district court sentenced Washington to 100 months' imprisonment on counts 1 and 3, and 60 months' imprisonment on count 2, all to be served concurrently, three years of supervised release on each of counts 1, 2, and 3, to be served concurrently, and ordered payment of a $300 statutory assessment.* Washington's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the district court complied with the requirements of Fed. R. Crim. P. 11 in accepting Washington's plea. Washington was given an opportunity to file a supplemental pro se brief, but has failed to do so.

---

*The probation officer calculated a sentencing guideline range applicable to Washington of 151 to 188 months' imprisonment founded on a total offense level of 29 and a criminal history category of VI, as a career offender. After careful consideration of the facts and evidence, the district court determined that one of Washington's predicate career offender convictions overstated his criminal history, and recalculated his offense level to 27 and his criminal history category to IV, with an attendant adjusted guideline range of 100 to 125 months' imprisonment.

- 2 -

Washington did not move in the district court to withdraw his guilty plea, therefore his challenge to the adequacy of the Rule 11 hearing is reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). We have carefully reviewed the transcript of the Rule 11 hearing and find no plain error in the district court's acceptance of Washington's guilty plea. See United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991).

Moreover, we find that the district court properly consulted the Guidelines and considered them when sentencing Washington, that it made all the factual findings appropriate for that determination, considered the sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and imposed a sentence that was "within the statutorily prescribed range and . . . reasonable." United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). The district court properly sentenced Washington in compliance with the mandates of United States v. Booker, 543 U.S. 220 (2005), and Washington's sentence was reasonable.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Washington's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for

further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED